| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

STEVEN MONGER,

      Plaintiff,

  v.

D.K. SISTO, et al.,

      Defendants.

CASE NO. C08-977 RAJ

ORDER

This is the undersigned judge's initial order in this action. This matter was transferred to the undersigned judge in January 2009 (Dkt. # 6), after it was transferred to the Chief Judge of the Western District of Washington in November 2008 (Dkt. # 5). Plaintiff Steven Monger has filed a complaint invoking 42 U.S.C. § 1983 against Defendants D.K. Sisto, the warden at California State Prison – Solano ("CSP Solano"), where Mr. Monger is currently confined. Also named as Defendants are K. Cooney (for whom Mr. Monger does not provide a first name) and "Phillips" (for whom Mr. Monger does not provide even a first initial), who are correctional officers at CSP Solano. Currently pending is Mr. Monger's application to proceed in forma pauperis (Dkt. # 2).

The court has reviewed Mr. Monger's complaint and finds that it states a cognizable claim for relief. Mr. Monger has presented a claim that is not patently frivolous or malicious, and the court has no basis to conclude at this time that the

ORDER – 1

complaint fails to state a claim upon which relief may be granted. For that reason, the court concludes that the complaint should not be dismissed in exercise of the court's obligation under 28 U.S.C. § 1915A to screen civil complaints from prisoners against government entities or government officers. In making this finding, the court in no way suggests that Mr. Monger is likely or unlikely to prevail on the merits of his complaint.

The court has reviewed Mr. Monger's application to proceed in forma pauperis and concludes that it meets the standards set forth in 28 U.S.C. § 1915. Mr. Monger has submitted a declaration and other information necessary to assess his financial status, as required by 28 U.S.C. § 1915. Having reviewed that information, the court grants Mr. Monger leave to proceed in forma pauperis. Prison officials have certified that, as of May 2008, both the average monthly deposits in Mr. Monger's account and the average monthly balance in the six months preceding his application were zero or negative. For that reason, Mr. Monger shall not be required to pay an initial filing fee, nor shall the court issue an order requiring periodic payments from Mr. Monger's account. The court orders Mr. Monger to submit a second financial affidavit regarding the status of his account, including a new certification from prison officials regarding his account balance and account activity for the six months preceding the certification date. The court will use this information to determine if an order directing full, partial, or periodic payment of the $350 filing fee is necessary.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff shall, within 30 days of the date of this order, submit a second financial affidavit and account certification from prison officials as described above, after which the court will determine if an order directing full, partial, or period payment of the $350 filing fee in this action is appropriate.

ORDER – 2

3. Service is appropriate for Defendants Sisto, Cooney, and Phillips.  To the extent that Mr. Monger has full names for any of these Defendants, he shall so state when he provides the documents described below to the court.

4. The Clerk of the Court shall send plaintiff four USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed May 6, 2008.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a.  The completed Notice of Submission of Documents;

    b.  One completed summons;

    c.  One completed USM-285 form for each Defendant listed in number 3 above; and

    d.  Four copies of the endorsed complaint filed May 6, 2008.

6. Plaintiff need not attempt service on Defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED this 26th day of May, 2009.

                                                     *(signature)*
                                           The Honorable Richard A. Jones
                                           United States District Judge

ORDER – 3