HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

STEVEN MONGER,

    Plaintiff,

    v.

D.K. SISTO, et al.,

    Defendants.

CASE NO. C08-977RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court on Defendants' motion to dismiss. Dkt. # 14. For the reasons stated herein, the court GRANTS the motion and dismisses this case without prejudice.

## II.  BACKGROUND

Plaintiff Steven Monger is incarcerated at the California State Prison in Solano. He has asthma. He contends that on February 11, 2008, he reported to a medical clinic at the prison to request a breathing treatment. Another inmate relayed his request to clinic staff. The inmate returned and informed Mr. Monger that Defendant Corrections Officer Cooney[1] had told him to return to the clinic later. Mr. Monger provided the inmate a medical card that stated his condition and his need for breathing treatments. The inmate returned and told him that Defendant Licensed Vocational Nurse Phillips had directed

---

[1] The parties have not provided the first names of any of the Defendants.

ORDER – 1

Mr. Monger to wait for half an hour. Mr. Monger saw Officer Cooney a few minutes later, again requested an immediate breathing treatment, and was again told to wait half an hour.

Mr. Monger's breathing worsened. He went to another building, found another corrections officer, and reported his medical trouble. The officer contacted LVN Phillips, who ultimately instructed the officer to send Mr. Monger to the clinic. As he walked to the clinic, Mr. Monger fell. Officers reported to the scene and instigated a medical code procedure. Mr. Monger was eventually transported to the prison's primary clinic, where he received a breathing treatment. He contends that he was forced to wait for care at the primary clinic as well.

Although his complaint describes the conduct of various other prison officials, the only defendants are Mr. Cooney, Ms. Phillips, and D.K. Sisto, who is the prison warden. Warden Sisto had no direct involvement in the incident, he is named solely as the supervisor of Officer Cooney and LVN Phillips. Invoking 42 U.S.C. § 1983, Mr. Monger contends that Defendants violated his Eight Amendment right to be free from cruel and unusual punishment. He requests compensatory and punitive damages and injunctive relief.

On February 24, 2008, 13 days after the incident he complained of, Mr. Monger filed an internal complaint with prison officials. He requested that the prison implement new procedures to prevent similar incidents from occurring, that LVN Phillips and Officer Cooney be fired, and that he receive monetary damages of $10,000. He requested that the complaint be processed as an emergency appeal. On February 28, 2008, his appeal was faxed to the prison's chief medical officer to "advise if it meets emergency criteria per CCR Title 15, Section 3084.7(a)(1) . . . ." Pltf.'s Opp'n (Dkt. # 20), Ex. A. The same day, the chief medical officer decided that it did not meet emergency criteria. *Id.* On March 5, 2008, prison officials informed Mr. Monger that they needed clarifying information about the identity of Officer Cooney.

ORDER – 2

On March 23, 2008, prison officials provided their initial response to Mr. Monger's complaint, indicating that they partially granted it. The response noted that the internal appeal process did not permit him to recover monetary damages or to request the termination of prison employees. It thanked Mr. Monger for agreeing to help with educating other inmates about asthma. Mr. Monger instituted a second-level appeal of this response on March 27, 2008, stating that he was dissatisfied that the prison had not implemented procedures to prevent similar incidents.

On April 28, 2008, Mr. Monger's second-level appeal was denied in a letter from the chief medical officer. Mr. Monger was dissatisfied with this response as well; he submitted a third-level appeal on the same day. Rather than await the results of his third level appeal, he filed this lawsuit on May 6, 2008.

On August 8, 2008, Mr. Monger received the response to his third-level appeal. It partially granted his appeal, and directed prison medical staff to ensure that there was a registered nurse at each prison triage center to ensure that inmates with urgent medical needs were properly diagnosed and promptly treated.

## III.  ANALYSIS

The Prison Litigation Reform Act ("PLRA") imposes a requirement that prisoners exhaust administrative remedies within the prison grievance system before filing a civil-rights lawsuit regarding prison conditions:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Enforcement of exhaustion requirements "is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). The exhaustion requirement applies even where the relief sought—monetary damages—cannot be granted by the administrative process. *Id.* at 85; *Booth v. Churner*, 532 U.S. 731, 733 (2001). The requisite exhaustion is "proper exhaustion," which

ORDER – 3

"demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Ngo*, 548 U.S. at 90–91. If administrative remedies have not been exhausted at the time a plaintiff files a lawsuit, the court must dismiss the suit. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). This rule applies even if a plaintiff exhausts administrative remedies while his lawsuit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam).

California regulations establish a three-tiered administrative process for exhaustion of prisoner complaints. 15 CCR § 3084.5. Although there are exceptions to the rule, generally only a decision at the third level of review exhausts a prisoner's claim. *See Ngo*, 548 U.S. at 85-86; *Jensen v. Knowles*, 621 F. Supp. 2d 921, 926 (E.D. Cal. 2008). There is no dispute that Mr. Monger had not completed the third level of review when he filed this lawsuit. Even though he received a third-level decision while this suit was pending, dismissal is mandatory unless an exception applies. *McKinney*, 311 F.3d at 1200.

The sole exception that Mr. Monger advocates is that his complaint was an "emergency appeal." 15 CCR § 3084.7(a) ("Usual time limits for staff response shall not apply to emergency appeals, which shall be resolved in the shortest practical time."). Mr. Monger ignores, however, that prison officials retain discretion to evaluate purported emergency appeals to determine if they warrant emergency treatment. 15 CCR § 3084.7(a)(2)(A) ("If the appeals coordinator determines emergency processing is unwarranted, the inmate shall be notified and the appeal shall be processed as a regular appeal."). In this case, Mr. Monger's emergency appeal was transmitted to the prison's chief medical officer within four days. The chief medical officer determined that the appeal did not warrant emergency processing. Thereafter, prison officials treated his complaint as an ordinary appeal. Even assuming that Mr. Monger could challenge the decision to treat his appeal as a non-emergency, there is nothing in the record that

ORDER – 4

indicates that his challenge would succeed.  On the record before the court, there is no basis to require emergency processing of Mr. Monger's appeal.

### IV.  CONCLUSION

For the reasons stated above, the court GRANTS Defendants' motion to dismiss, and dismisses this action without prejudice.

DATED this 19th day of April, 2010.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 5